IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATRINA MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | |
| DEVILLE ASSET MANAGEMENT, LTD., BLITT & GAINES, P.C., and BARRISTER INVESTIGATIONS & FILING SERVICE, INC., | ) ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff KATRINA MILLER, through undersigned counsel, brings this complaint against Defendants DEVILLE ASSET MANAGEMENT, LTD., BLITT & GAINES, P.C., and BARRISTER INVESTIGATIONS & FILING SERVICE, INC., and alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages for violations of the Fair Debt Collection Practices Act (the "FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").

2. The claims stated herein stem from Defendants' wrongful debt collection activities on an alleged consumer debt, including filing a false affidavit in a collection action and wrongfully obtaining a default judgment after service had been quashed.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA). The Court has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391, as the events complained of occurred in this District.

**PARTIES**

5. Plaintiff Katrina Miller is a natural person and resident of Illinois, from whom Defendants attempted to collect an allegedly defaulted car loan account, which was incurred primarily for personal, family and household purposes (the "<u>alleged debt</u>").

6. Plaintiff incurred the allege debt to purchase a car for personal use.

7. Plaintiff is a "consumer" as defined by Section 1692a(3) of the FDCPA.

8. Defendant DeVille Asset Management, Ltd. ("<u>DeVille</u>") is a Texas limited partnership that does business in the State of Illinois, including in this District.

9. DeVille is a debt collector as that term is defined in Section 1692a(6) of the FDCPA because it uses the mails and telephone in its business, the principal purpose of which is the collection of consumer debts.

10. DeVille is also a debt buyer that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then tries to collect for itself and through other debt collectors.

11. Defendant Blitt & Gaines, P.C. ("<u>Blitt</u>"), is a law firm organized as an Illinois professional corporation that does business in the State of Illinois, including in this District.

12. Blitt is a debt collection law firm and it regularly collects consumer debts on behalf of others.

13. Blitt is a debt collector as that term is defined in Section 1692a(6) of the FDCPA because it uses the mails and telephone in its business, the principal purpose of which is the collection of consumer debts, and because it regularly attempts to collect debts owed or due or asserted to be owed or due another.

14. Defendant Barrister Investigations & Filing Service, Inc., ("Barrister") is a private detective agency organized as an Illinois corporation with its principal place of business located in Joliet, Illinois.

15. Barrister does business in the State of Illinois, including in this District.

16. Barrister has maintained a website that described Barrister's business as follows:

> Barrister Investigations & Filing Service, Inc. has a fully trained staff to provide superior legal services in a timely and efficient manner. Barrister Investigations & Filing Service, Inc. has provided service to some of the largest attorneys in Illinois by servicing over one million documents from mortgage foreclosures, credit collections, divorces and more. We accomplish this by using advanced software applications which allow the client web access to view status, print affidavits and print invoices. All clients' data is stored at a secured and protected offsite location to ensure the safety of all documentation.

*See* http://www.barristerillinois.com, last accessed on August 9, 2018.

17. Barrister is a debt collector as that term is defined in Section 1692a(6) of the FDCPA because it regularly provides debt collection support services to collection attorneys, third-party debt collectors. and debt buyers for the purpose of collecting debts owed or due or asserted to be owed or due another.

### FACTS SUPPORTING THE ACTION

18. After Plaintiff defaulted on the alleged debt, DeVille acquired the defaulted alleged debt from the original creditor for the purposes of attempting to collect the alleged debt from Plaintiff.

19. On June 27, 2018, Blitt, on behalf of DeVille, filed a collection action against Plaintiff in the Circuit Court of Cook County, styled as *DeVille Asset Management, Ltd. v. Miller*, case number 2018-M1-123110 (the "collection action").

20. The collection action sought to collect the alleged debt from Plaintiff.

21. Plaintiff disputes the validity and amount of the alleged debt.

22. After filing the collection action complaint on behalf of DeVille, Blitt thereafter hired Barrister to support its efforts to collect the alleged debt from Plaintiff on behalf of DeVille.

23. Barrister has an Illinois Private Detective Agency License No. 117-000883.

24. Barrister, by and through its employee Jose Pena, executed an Affidavit of Service (the "Affidavit") in which Mr. Pena states under oath that he served a copy of the collection action complaint and summons via substitute service "MEMBER OF HOUSEHOLD, GERALD," at Plaintiff's home address of 4841 W. Wabansia, Apt. #2, Chicago, Illinois, on October 13, 2018.

25. This statement was false. Plaintiff has no member of her household named Gerald.

26. Further, Mr. Pena did not serve the documents on any person that lived in Plaintiff's home or that could accept service on Plaintiff's behalf. Instead, upon information and belief he left the documents on the floor outside of Plaintiff's apartment after accessing the apartment building.

27. Plaintiff discovered the summons and complaint on the floor of the hallway outside her apartment on or about October 13, 2018.

28. On October 16, 2018, Mr. Pena also mailed Plaintiff a copy of the summons and complaint.

29. Plaintiff was never properly served with notice of the collection action.

30. Blitt filed the Affidavit with the Circuit Court of Cook County, Illinois, so that Plaintiff would be induced to believe that service was proper if Plaintiff checked the court docket.

4

31. Barrister, on behalf of Blitt and DeVille, also mailed Plaintiff a copy of the complaint and summons to deceiver her into believing that she had been properly served and that she was required by law to appear in the collection action.

32. DeVille then obtained a default judgment against Plaintiff, based on the false Affidavit that indicated that Plaintiff had been properly served.

33. Upon becoming aware of Defendants' false assertions that they had served her with process, that a default judgment had been entered against her, Plaintiff became distressed because she knew that they had never actually served her with process and she had never had an opportunity to defend herself in the collection action.

34. On November 27, 2018, Plaintiff appeared in the collection action for the sole purpose of quashing service and vacating the default judgment that was wrongfully entered against her.

35. On December 10, 2018, the court in the collection action granted Plaintiff's motion, quashed the improper service, and vacated the default judgment entered against Plaintiff.

36. Defendants did not thereafter serve Plaintiff with process in the collection action.

37. Plaintiff had not waived service, and proper service was required for DeVille and Blitt to obtain a judgment against Plaintiff in the collection action.

38. Nevertheless, Blitt, on behalf of DeVille, appeared before the court in the collection action on January 15, 2019, and requested entry of a default judgment.

39. Upon information and belief, Blitt, on behalf of DeVille, falsely represented to the court in the collection action that Plaintiff had been properly served or had somehow waived service.

5

40. Such representations were false and misleading, as Plaintiff had not been properly served and had not waived service.

41. As a result of Blitt's false and misleading representations to the court in the collection action, DeVille wrongly obtained a default judgment against Plaintiff for a second time.

42. Defendants conspired to deprive Plaintiff of equal protection of the law, namely to deprive her of her due process right to proper notice of the collection action.

43. Barrister's employee Mr. Pena, on behalf of the other Defendants, made false statements in the Affidavit in an attempt to enforce collection of a consumer debt.

44. Under § 1692a(6)(D) of the FDCPA, any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt is not included as a debt collector, but the language of § 1692a(6)(D) extends the exemption to a person *only* "while serving or attempting to serve legal process." See *Spiegel v. Judicial Attorney Servs., Inc.*, 2011 WL 382809 (N.D. Ill. Feb.1 2011; *Romea v. Heiberger & Assocs.*, 163 F.3d 111 (2nd Cir. 1998); *Andrews v. S. Coast Legal Servs.*, 582 F. Supp. 2d 82 (D. Mass. 2008); and *Flamm v. Sarner & Assocs.*, P.C., 2002U.S. Dist. LEXIS 22255 (E.D. Penn. 2002); *Sneed v. Winston Honore Holdings, LLC*, No. 16 C 2564, 2017 U.S. Dist. LEXIS 15235, at *11 (N.D. Ill. Feb. 3, 2017).

45. Defendants were not serving or attempting to serve legal process when they filed the Affidavit, left the summons and complaint outside of Plaintiff's apartment, and mailed her the summons and complaint.

46. Instead, they filed the Affidavit containing materially false statements for the purpose and intent of collecting the alleged debt. Indeed, Defendants (a) did not serve Plaintiff

with the summons or complaint, (b) made false sworn written statements, (c) filed and presented these false statements to the collection action court, and (d) mailed Plaintiff copy of the collection action summons and complaint to induce Plaintiff to believe that DeVille and Blitt could lawfully obtain a judgment against Plaintiff, even without completing service of process.

47. Defendants' misrepresentations that they properly served Plaintiff in the collection action, the execution of a false Affidavit, the filing of the Affidavit in the collection action, leaving the summons and complaint on the floor outside of Plaintiff's apartment, and mailing Plaintiff a copy of the summons and complaint, were each done in connection with the collection of the alleged debt from Plaintiff, and each was a coercive act calculated either (a) to trick Plaintiff into believing that DeVille had the right to proceed in the collection action, and that Plaintiff was required to file an appearance in the collection action or (b) to surreptitiously obtain a judgment against Plaintiff and trick Plaintiff into believing that DeVille had the right to obtain such a judgment and collect thereon by garnishing her wages.

48. As a debt collector, Blitt may be held vicariously liable for Barrister's collection activity.

49. As a debt collector, DeVille may be held vicariously liable for Blitt's and Barrister's collection activity.

50. Plaintiff was damaged by Defendants' misconduct. Specifically, Plaintiff had to retain an attorney to fight Defendants' unlawful collection efforts, and had to pay an appearance fee to file and present her motion to quash improper service and to vacate the wrongful default judgment. Plaintiff also suffered emotional distress, including but not limited to fear, anxiety, sleeplessness, panic attacks, embarrassment, aggravation, wasted time, and inconvenience.

## COUNT I – VIOLATIONS OF THE FDCPA
### (AGAINST ALL DEFENDANTS)

51. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

52. § 1692e of the FDCPA states in relevant part that a debt collector, "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

53. Defendants made false, deceptive and misleading representations in connection with the collection of a debt, in violation of § 1692e, by means of the false Affidavit they prepared, filed, and communicated, and by means of the complaint and summons left in the hallway outside of Plaintiff's home and mailed to Plaintiff, which falsely and deceptively was an attempt to induce Plaintiff to believe that she was properly served, when in fact she was not.

54. §1692e(13) of the FDCPA prohibits the "false representation or implication that documents are legal process."

55. Defendants violated § 1692e(13) by filing the Affidavit in the collection action, which falsely implied that service had been obtained over Plaintiff and that the related documents were legal process.

56. § 1692e(5) of the FDCPA prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken."

57. Defendants violated § 1692e(5) when they filed the Affidavit by falsely threatening that DeVille could obtain a judgment against Plaintiff unless Plaintiff appeared in the collection action and filed an appearance, when, in fact, such action could not legally be taken.

58. § 1692e(10) of the FDCPA prohibits "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

59. Defendants violated § 1692e(10) by means filing the Affidavit and thereby communicating that she was properly served, which falsely and deceptively was an attempt to induce Plaintiff to believe that she was properly served, when in fact she was not, all in order to collect the alleged debt from her via litigation.

60. Blitt and DeVille also violated § 1692e(10) by, upon information and belief, false representing to the court in the collection action that Plaintiff had been served or had waived service, in an effort to obtain a default judgment against Plaintiff and collect the alleged debt from her.

61. § 1692f of the FDCPA states in relevant part that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

62. Defendants violated § 1692f by filing the Affidavit containing false statements in an attempt to collect the alleged debt, which was unfair and unconscionable.

63. Blitt and DeVille also violated § 1692f by obtaining a default judgment for a second time, after service had been quashed, without serving Plaintiff.

64. § 1692d of the FDCPA states in relevant part that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

65. Defendants violated § 1692d by obtaining a default judgment against Plaintiff and garnishing Plaintiff's wages by using a false Affidavit, all while maintaining that their actions were legal and legitimate.

66. Blitt and DeVille also violated § 1692d by obtaining a default judgment for a second time, after service had been quashed, without serving Plaintiff.

67. Plaintiffs suffered damages proximately caused by Defendants' misconduct.

68. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. grant judgment in Plaintiff's favor against Defendants;

b. award Plaintiff statutory and actual damages in an amount to be determined at trial;

c. award Plaintiff reasonable attorneys' fees and costs pursuant to Section 1692k of the FDCPA; and

d. award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF ICFA
### (AGAINST DEVILLE AND BARRISTER)

69. Plaintiff restates and realleges all prior paragraphs as though fully set forth herein.

70. Section 2 of ICFA prohibits unfair or deceptive practices in the conduct of any trade or commerce and states, in relevant part, as follows:

**Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.**

71. Section 10a of ICFA establishes liability for "a violation of this Act committed by any . . . person . . . ." 815 ILCS 505/10a.

72. The term "person," in turn, includes "any agent" of a "company . . . business entity or association." 815 ILCS 505/1(c).

73. At all relevant times, DeVille was engaged in the trade or commerce of collecting consumer debts.

10

74. At all relevant times, Barrister was engaged in the trade or commerce of assisting debt collectors in the collection of consumer debts, and of serving process on individual defendants.

75. DeVille and Barrister engaged in deceptive and unfair practices in the course of conduct involving their respective businesses.

### A. Deceptive acts and practices

76. It was deceptive for Barrister to prepare and file the false Affidavit, which Barrister did on behalf of and for the benefit of DeVille.

77. It was deceptive for Barrister to leave the collection action summons and complaint in the hallway outside of Plaintiff's home, which it did on behalf of and for the benefit of DeVille. By this action, Barrister intended to deceive Plaintiff into believing that she had been properly served with process.

78. It was deceptive for Barrister to mail the collection action summons and complaint to Plaintiff, which it did on behalf of and for the benefit of DeVille. By this action, Barrister intended to deceive Plaintiff into believing that she had been properly served with process.

79. Barrister and DeVille intended that Plaintiff rely on these deceptive acts and practices.

### B. Unfair acts and practices

80. It was unfair for Barrister and DeVille to avoid adequate and proper serving process while attempting to convince Plaintiff and the collection action court that service was properly completed.

81. It was unfair for Barrister and DeVille to attempt to trick Plaintiff into believing that service was proper by leaving the summons and complaint in the hallway of Plaintiff's building and mailing her the summons and complaint.

82. The actions of Barrister and DeVille were intention and willful, as DeVille obtained an improper default not once, but twice, and Barrister knowingly completed and submitted the false Affidavit.

83. The actions of Barrister and DeVille offend public policy, have a direct consumer nexus, affect consumers as a whole, and violate the basic due process rights of consumers.

84. The conduct was intended to circumvent the law, save time and money, and avoid compliance with Plaintiff's basic due process rights to expedite DeVille's recovery on the alleged debt.

85. Barrister and DeVille intended that Plaintiff rely upon their actions.

86. Plaintiff relied upon these acts and was deceived into questioning her basic due process rights in the collection action.

87. Plaintiff suffered damages as a result of the misconduct of Barrister and DeVille, including as set forth above.

WHEREFORE, Plaintiff requests that this Honorable Court:

　　a. grant judgment in Plaintiff's favor against Barrister and DeVille;

　　b. award Plaintiff actual damages in an amount to be determined at trial;

　　c. award Plaintiff punitive damages in an amount to be determined at trial;

　　d. award Plaintiff reasonable attorneys' fees and costs pursuant to Section 10a(c) of ICFA; and

　　e. award any other relief this Honorable Court deems equitable and just.

**Plaintiff Demands Trial by Jury.**

Respectfully Submitted,

/s/ *Daniel Brown*
Daniel Brown (ARDC # 6299184)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
(773) 453-7410
daniel@mainstreetattorney.com

*Attorney for Plaintiff*

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that all Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of Plaintiff's claims. If any Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that such Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of any Defendant.

By: /s/ *Daniel Brown*
    Daniel Brown

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorneys' fees have been assigned to counsel.

By: /s/ *Daniel Brown*
    Daniel Brown

## VERIFICATION OF COMPLAINT

STATE OF ILLINOIS )
                               ) ss
COUNTY OF COOK )

Pursuant to 28 U.S.C. § 1746, Plaintiff Katrina Miller, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I have not filed this Complaint for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

4. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on     January       24  ,   2019  
                            Month          Day      Year

_____
Signature